# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

KEVIN JAMES PITRE        CIVIL ACTION NO. 6:15-cv-2438
     LA. DOC #350660
VS.                        SECTION P

                                     JUDGE DOHERTY

WARDEN BURL CAIN       MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

*Pro se* petitioner Kevin James Pitre, an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on September 25, 2015. Petitioner attacks his 2004 conviction for three counts of carnal knowledge of a juvenile, for which he was ultimately sentenced by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana as an habitual offender to serve life imprisonment.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Statement of the Case

Petitioner was indicted on charges of carnal knowledge of a juvenile (3 counts) and sexual battery (1 count) by the Evangeline Parish Grand Jury.  Trial on

the three counts of carnal knowledge of a juvenile commenced January 20, 2004, and the jury returned a verdict of guilty on each charge on January 21, 2004. On February 9, 2004, petitioner filed a motion for new trial.  After a hearing held on March 18, 2004, the motion was denied.

On April 29, 2004, petitioner was sentenced to serve seven years on each count, the sentences to run consecutively. A motion to reconsider petitioner's sentence was filed on May 4, 2004, and denied on July 1, 2004.  A motion for a direct appeal was filed.

A bill of information charging petitioner as a habitual offender was filed on June 22, 2004.[1]

By letter dated September 13, 2004, petitioner's appointed appellate counsel, Laura M. Pavy, informed petitioner that she had filed an appellate brief on petitioner's behalf, which she enclosed with the letter, and that she would advise petitioner when a decision was rendered. [rec. doc. 1-4, pg. 42].  By letter dated October 29, 2004, Ms. Pavy again forwarded a copy of the appellate brief filed on petitioner's behalf, indicating that her previous attempts to send the copy were unsuccessful as petitioner had been moved to a different facility.  Ms. Pavy

---

[1]The above facts were disclosed in the Third Circuit's opinion on petitioner's direct appeal.  *State of Louisiana v. Kevin James Pitre*, KA-04-1134, 893 So.2d 1009, 1010 (La. App. 3 Cir. 2/9/2005).

2

additionally responded to petitioner's concerns expressed in a letter petitioner had sent to her, explaining that many of his concerns were complaints of ineffective assistance of counsel which are more properly raised in post-conviction proceedings, and that she chose to focus on the State's failure to prove its case. [*Id*. at pg. 41].

On December 21, 2004, petitioner was adjudicated a third felony offender. Accordingly, petitioner was re-sentenced as a multiple offender to life imprisonment.  Petitioner apparently did not directly appeal his multiple offender adjudication.

That same day, December 21, 2004, a hearing on petitioner's request for documents was held.  Petitioner was seeking copies of various court records, including a copy of the transcript of the voir dire of potential members of his jury. The portions of the transcript of that hearing provided by petitioner reveal that petitioner's case was on appeal and that counsel had been provided to petitioner for that purpose.  Accordingly, the court indicated that any request for transcripts for purposes of the appeal would have to be requested by petitioner's appellate counsel and the request would not be granted.  The court further indicated that if the request was for purposes of post-conviction relief, that petitioner would have a right to get the transcript.  The court then verified the documents which petitioner

had received thus far. There is, however, no ruling on petitioner's various requests. [rec. doc. 1-7, pg. 53-57].

On February 9, 2005, the Third Circuit Court of Appeals affirmed petitioner's conviction and sentence. *State of Louisiana v. Kevin James Pitre*, KA-04-1134, 893 So.2d 1009 (La. App. 3 Cir. 2/9/2005).  Petitioner did not seek further direct review in the Louisiana  Supreme Court.[2]  On direct appeal to the Third Circuit, petitioner argued that there was insufficient evidence to support his convictions and that his original sentence of seven years per count was excessive. The Court additionally performed an errors patent review, finding two errors:  that the record contained no disposition of the sexual battery charge which the court remanded for proper disposition, and that the nothing in the record indicated that petitioner was advised of his right to remain silent and right to a hearing on his habitual offender adjudication, both of which were found harmless.  *Id.* at 1011-1012. The Third Circuit additionally found "one issue worth noting" with regard to petitioner's habitual offender adjudication, that the minutes did not indicate that petitioner's original sentence had been vacated before imposing an habitual offender sentence of life imprisonment.  Accordingly, the Third Circuit ordered

---

[2]Petitioner alleges that he failed to seek further review because he was not furnished with a copy of the Third Circuit's opinion as a result of being transferred from institution to institution, citing the September 13, 2004 and October 29, 2004 letters from appellate counsel Pavy.  However, those letters indicate that petitioner's receipt of the appellate brief was delayed due to petitioner's institutional transfers, not that the receipt of the Third Circuit's opinion, rendered several months later, was delayed.

the trial court to vacate the originally imposed seven year sentences. *Id*.  Because

petitioner had been adjudicated an habitual offender, the court dismissed

petitioner's excessive sentence claim as moot, given that the time limitations for

filing a motion to reconsider that sentence and a notice of appeal had not yet run.

*Id*. at 1016.

On April 27, 2006,  petitioner filed an application for post-conviction relief

in the District Court. [rec. doc. 1-7, pg. 42-52]. He argued three claims for relief,

all of which were directed at his multiple offender adjudication: (1) that the court

improperly denied his motion to quash, (2) that there was insufficient evidence

demonstrating that petitioner's prior convictions were constitutionally obtained,

(3) that petitioner's Fourteenth Amendment rights were violated when he was

adjudicated a third offender based on convictions entered the same day involving

the same victim, and that petitioner was denied effective assistance of counsel for

failing to file a motion for a direct appeal of the multiple offender proceeding.

[rec. doc. 1-7, pg. 48]. Petitioner alleges that a hearing on the application was set

for July 6, 2006.  However, the date passed without the hearing being held.

Accordingly, by letter dated December 26, 2007, petitioner inquired about the

disposition, if any, of his application.  At the close of that letter, petitioner added a

single line requesting he receive the jury *voir dire* transcript. [rec. doc. 1-8, pg. 27-

28].

A hearing on the application was allegedly held on July 2, 2008, at which time relief was denied, apparently on the record, without a written ruling.[3] Petitioner alleges that he sought review in the Louisiana Third Circuit Court of Appeal which denied writs on August 12, 2008.  Thereafter, on August 20, 2009, writs were denied by the Louisiana Supreme Court.  *State ex rel. Kevin Pitre v. State of Louisiana*, 2008-KH-2458, 15 So.3d 1009 (La. 8/20/2009).

Over two years later, petitioner began to file numerous requests to obtain his *voir dire* transcript.  On October 14, 2011, petitioner filed a Motion for Production seeking a copy of the voir dire transcript; that Motion was denied on October 13, 2011 because no payment was provided and petitioner had failed to show particularized need.[4] [rec. doc. 1-8, pg. 36-39].  By letter dated October 26, 2011 to the Clerk of Court, petitioner again requested the *voir dire* transcript; that request was denied on November 4, 2011 because there had been no showing of need and because the request was untimely. [*Id*, at pg. 40-41].  On December 6, 2011, petitioner filed another Motion for Production which was denied on December 8, 2011 as untimely, submitted without payment and because of

---

[3]Petitioner alleges that he filed a Motion for Leave to Supplement his post-conviction application on April 23, 2008. [*See* rec. doc. 1-2, pg. 5].  However, he does not provide the court with a copy of that motion or any ruling on same.

[4]Petitioner also sought copies of the grand jury transcript.  However, that request was denied by separate order dated October 14, 2011 citing L.C.Cr. P. art. 434, which provides for the secrecy of such proceedings.

insufficient justification. [*Id*, at  pg. 47-50].  The Clerk of Court responded to petitioner's public record request by letter dated January 12, 2012 stating that the *voir dire* transcript was not part of the record. [*Id*, at pg. 31].  By a "to whom it may concern" letter dated May 28, 2013, referencing the Clerk's January 12, 2012 letter, petitioner requested the transcript.  That request was denied on May 30, 2013, the court noting that petitioner had already appealed and filed for post-conviction relief, and accordingly, no specialized need for the document had been presented. [*Id*, at 32-35].  Finally, on June 12, 2013, petitioner wrote to Judge Fuselier, who on June 14, 2013, granted petitioner's request. [*Id*, at 42-46].  The transcript was sent to petitioner by the court reporter on July 25, 2013. [rec. doc. 1-7, pg. 36].

On January 24, 2012, petitioner alleges that he filed a Motion to Vacate his sentence which was allegedly denied by the district court.  Petitioner's alleged motion to reconsider was likewise allegedly denied on March 12, 2012.  Petitioner alleges that he sought review in the Louisiana Third Circuit Court of Appeal which denied writs on October 25, 2012.  Thereafter, on April 19, 2013 the Louisiana Supreme Court denied petitioner's request for discretionary review, construing the pleadings as an application for post-conviction relief, and finding the application had been untimely filed, citing Louisiana Code of Criminal Procedure article 930.8 and *State ex rel. Glover v.* State, 93-2330, 660 So.2d 1189,

7

(La. 9/5/95) in support of its decision.  *State ex rel. Kevin James Pitre v. State*, 2012-KH-2572, 111 So.3d 1034 (La. 4/16/2013).  Although petitioner mentions this application in his memorandum in support of relief, he fails to provide this Court with any of these alleged pleadings. [*See* rec. doc. 1-2, pg. 6].

On September 17, 2013, petitioner filed another application for post-conviction relief asserting the following claims for relief: (1) that he received ineffective assistance of counsel when counsel failed to challenge a partial juror for cause (Dirk Chapman), failed to object to the remaining panel and request dismissal for cause after remarks by another juror (Callie Fontenot Wyble) regarding hatred of child sex crimes were made, failed to examine a juror (Trudy Hebert Dugas) about remarks overheard by her about petitioner's case outside the courtroom and failed to challenge the potential jurors general qualifications, (2) that he was denied meaningful appellate review because of the lack of a transcript of the *voir dire*, (3) that he received ineffective assistance of appellate counsel because counsel failed to present challenges regarding the *voir dire*, and (4) that his right to a fair trial and due process were violated when Sergeant Zelda Deshotel failed to ensure that the coroner perform his alleged statutory duty to examine the victim for penetration.  [rec. doc. 1-7, pg. 59-65, 1-8, pg. 1-24].  The application was denied on September 24, 2013, the court finding that "multiple filings [had] previously [been] heard." [rec. doc. 1-8, pg. 53].

8

Petitioner's request for writs in the Louisiana Third Circuit Court of Appeal was denied on December 20, 2013 pursuant to La. C.Cr.P. article 912.1(C),Rule 4-5 of the Uniform Rules of the Courts of Appeal and Third Circuit Internal Rule 16 because petitioner's writ application was deficient. [rec. doc. 1-7, pg. 38]. Petitioner supplied the missing documents and requested rehearing. [rec. doc. 1-9, pg. 3]. On February 20, 2014, the Third Circuit, noting that it was "unable to find a ruling that clearly applied to the [9-17-13] application for post-conviction relief", granted writs "for the limited purpose of remanding the matter to the district court for ruling on Relator's application for post-conviction relief. If such a ruling already exists, the trial court is ordered to clarify which ruling applies to the [9-17-13] application for post-conviction relief." [rec. doc. 1-9, pg. 5, *State v. Pitre*, KH-00040 (La. App. 3rd Cir. 2/20/2014) (unpublished)].

On February 27, 2014, the district court again denied petitioner's September 17, 2013 post-conviction application as repetitive "due to the matter being heard previously, and the motion has been filed on multiple occasions. . ." [rec. doc. 1-7, pg. 40]. Thereafter, the Louisiana Third Circuit Court of Appeal denied petitioner's request for writs expressly finding that petitioner's September 17, 2013 post-conviction application was untimely as follows:

> Relator's "UNIFORM APPLICATION FOR POST-CONVICTION RELIEF" was untimely filed. Relator's convictions and sentences became final in 2005, and his application for post-conviction relief

was filed in 2013, more than eight years after his convictions and sentences became final.  Late realization that an error may have occurred at trial does not qualify as the discovery of a new fact for purposes of the exception set out in La.C.Cr.P. art. 930.8(A).  *State v. Parker*, 98-2561 (La. 5/8/98), 711 So.2d 694.  Additionally, Relator failed to meet his burden of proving the evidence was newly-discovered."

[rec. doc. 1-5, pg. 11, *State v. Pitre*, KH-14-00326 (La. App. 3rd Cir. 7/29/2014) (unpublished)].  Petitioner's request for rehearing was denied on September 3, 2014. [rec. doc. 1-4, pg. 34-39, 32, *State v. Pitre*, KH-14-00326, 146 So.3d 972 (La. App. 3rd Cir. 9/3/2014) (unpublished -Table)]. On August 28, 2015 the Louisiana Supreme Court denied petitioner's request for discretionary review, finding as did the Third Circuit, that petitioner's September 17, 2013 post-conviction application had been untimely filed, citing Louisiana Code of Criminal Procedure article 930.8 and *State ex rel. Glover v.* State, 93-2330, 660 So.2d 1189 (La. 9/5/95) in support of its decision.  *State ex rel. Kevin James Pitre v. State*, 2014-KH-2046, 175 So.3d 404 (La. 8/28/2015).

Petitioner filed the instant petition on September 25, 2015.  He raises essentially the same claims he asserted in his September 17, 2013 post-conviction application: (1) that he received ineffective assistance of counsel when counsel failed to challenge a partial juror for cause (Dirk Chapman), failed to object to the remaining panel and request dismissal for cause after remarks by another juror (Callie Fontenot Wyble) regarding hatred of child sex crimes were made, failed to

examine a juror (Trudy Hebert Dugas) about remarks overheard by her about petitioner's case outside the courtroom and failed to challenge the potential jurors general qualifications, (2) that he was denied meaningful appellate review because of the lack of a transcript of the *voir dire*, (3) that he received ineffective assistance of appellate counsel because counsel failed to present challenges regarding the *voir dire*, and (4) that his right to a fair trial and due process were violated when Sergeant Zelda Deshotel failed to ensure that the coroner perform his alleged statutory duty to examine the victim for penetration.

## Law and Analysis

### 1. Federal One-Year Limitation Period

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir.

1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.  *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Moreover, the limitations period is tolled only for as long as the state application remains "properly filed" and pending in the state's courts.  *See Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's direct appeal was denied by the Louisiana Third Circuit Court of Appeal on February 9, 2005. Thus, because petitioner did not seek further direct review in the Louisiana Supreme Court, his judgment of conviction and sentences became final for AEDPA purposes on March 9, 2005,  when the 30 day period for seeking such review set forth in Louisiana Supreme Court Rule X, §5(a) expired. *Palacios v. Stephens,* 723 F.3d 600, 604 (5th Cir. 2013) *citing  Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).  Thus, the AEDPA limitations period began to run on March 9, 2005 and petitioner had one year, or until March 9, 2006 to file his federal *habeas corpus* petition.

Petitioner did not file his first application for post-conviction relief until April 27, 2006,  and by that time the 1 year period of limitations under the AEDPA had already expired and could not be revived even if his application was otherwise

12

timely under Louisiana law.  *See Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (finding that because the federal one year limitation period had expired before the petitioner's state post-conviction application was filed "there was nothing to toll"); *Palacios,* 723 F.3d at 604 (because a state *habeas* petition not filed within the one-year limitation period, it did not statutorily toll the limitation clock and accordingly the limitation period expired prior to filing).

Furthermore, even if the one year period had not elapsed prior to the filing of petitioner's April 27, 2006 post-conviction application, that proceeding was no longer "properly filed" or pending as of August 20, 2009 when the Louisiana Supreme Court denied writs.  It was not until over two years later that petitioner began to file his numerous requests for a copy of the *voir dire* transcript, and petitioner did not again seek post-conviction relief until over two and one-half years later on January 24, 2012 and September 17, 2013, when petitioner filed his alleged Motion to Vacate and his second post-conviction application, respectively, again, well after the running of any additional one-year federal limitation period which may have applied.

Finally, even if the federal one year limitation period had not run prior to the filing of the latter proceedings, neither of those proceedings could have tolled the federal one-year limitation period as both those state collateral attacks were ultimately found by the Louisiana Supreme Court to have been untimely filed

applications for post-conviction relief.  Thus, the one-year federal limitation

period could not have been statutorily tolled during the time period that these

proceedings remained pending because the pleadings cannot be deemed  "properly

filed" applications for post-conviction relief under § 2244(d)(2).  *See Pace v.*

*DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)

(holding that "time limits, no matter their form, are 'filing' conditions" so that

when the state courts reject a state application for post-conviction relief as

untimely, it cannot be considered "properly filed" so as to entitle the petitioner to

statutory tolling pursuant to §2244(d)(2)); *Wardlaw v. Cain*, 541 F.3d 275, 278 (5th

Cir. 2008) *citing Pace*, 544 U.S. at 414 ("When a postconviction petition is

untimely under state law, 'that [is] the end of the matter' for purposes of §

2244(d)(2).").

　　In sum, a period of over two and one half un-tolled years had elapsed after

the conclusion of petitioner's first post-conviction proceeding, and an additional

two to three un-tolled years elapsed during and after the pendency of petitioner's

not "properly filed" second and third state collateral attacks prior to the filing of

the instant federal petition.  Therefore, under § 2244(d)(1)(A) giving petitioner the

benefit of statutory tolling, it is clear that the instant  petition is untimely.

14

Recognizing this obstacle to federal *habeas* review, petitioner argues that the instant petition is timely under § 2244(d)(1)(B).[5]  Under § 2244(d)(1)(B), the federal one-year limitation period is tolled until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

The Fifth Circuit has articulated three criteria that a prisoner must meet to invoke statutory tolling under § 2244(d)(1)B): "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003).  Petitioner argues the existence of a single "state-created impediment" – the alleged failure of the district court to provide him with a copy of the *voir dire* transcript.

Petitioner essentially claims that his inability to procure a copy of the *voir dire* transcript from the district court was a State created impediment to the timely filing of the instant federal petition.  More specifically, he argues that he was

---

[5]Petitioner does not argue that subsection (C) or (D) is applicable, nor does the record support any such argument.  Nothing in the record before the court suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(C).  Moreover, to the extent that petitioner could have argued that the factual predicate of his claims was only recently discovered, as is explained in further detail above, that argument is unavailing, as petitioner admits that he was present during the 2004 *voir dire* of potential jurors, and accordingly, through the exercise of due diligence, was, or should have been, aware of the facts supporting his claims for relief at that time.  *See* 28 U.S.C. § 2244(d)(1)(D).

unable to file his federal petition because the state courts failed to provide him with a transcript of the *voir dire* until July, 2013.  This claim is clearly without merit because petitioner has not met the first or third *Egerton* criteria, that the unavailability of the transcript prevented petitioner from filing a timely federal petition, or that any delay in receipt of the transcript violated the Constitution.

As an initial matter, the Court notes that the United States Constitution does not automatically require that upon request a prisoner be provided with a free copy of a transcript for the purpose of seeking collateral review. *Cook v. Cain*, 2015 WL 6702290, *2 (E.D. La. 2015) *citing United States v. MacCollom*, 426 U.S. 317, 323–24 (1976), *Deem v. Devasto*, 140 Fed. App'x 574, 575 (5th Cir. 2005) and *Crawford v. Costello*, 27 Fed. App'x 57, 59 (2nd Cir. 2001).  Because there is no constitutional right to a trial transcript for collateral appeals, the state's initial denials of petitioner's requests for a *voir dire* transcript did not constitute an unconstitutional impediment sufficient to toll the statute of limitations.  *Id.*

Further, the state court's delay in providing petitioner with a copy of the transcript in no way "prevented" petitioner from seeking State post-conviction relief.  Petitioner was present in court during *voir dire*. [rec. doc. 1-5, pg. 38 and 47-48].  Indeed, petitioner repeatedly admits this fact in his pleadings to this Court. [*See e.g.* rec. doc. 1-2, pg. 15 (petitioner states he was "present in court"

and that  he told his counsel to strike potential juror Dirk Chapman because

Chapman, a prison guard, knew petitioner from a previous incarceration for carnal

knowledge)].  Further, petitioner was likewise present in open court that same date

when his counsel argued a motion to quash based upon Sergeant Deshotel and the

coroner's failure to comply with the alleged statutorily mandated requirement to

examine the victim. [rec. doc. 1-5, pg. 48-52].  Accordingly, petitioner was

obviously aware of the factual basis for his claims directed at counsel's

performance during *voir dire* and his claim regarding the coroner's alleged failure

to perform his duties prior to the start of his 2004 trial.

Further, petitioner's other claims for relief (claims 2 and 3) turn on events

that would not have been recorded in the *voir dire* transcript. However, petitioner

was obviously aware as he had been provided a copy of the appellate brief filed on

his behalf, which did not include any claims directed at the *voir dire* of the

potential jurors at his trial, and he had not received the transcript following the

December 21, 2004 hearing on his request for same.

Accordingly, even without a copy of the *voir dire* transcript, petitioner

could have filed a state post-conviction application asserting the claims raised

herein.  *Cook,* 2015 WL 6702290 at *3 *citing Brown v. Cain*, 112 F.Supp.2d 585,

587 n. 2 (E.D. La.2000) and *State ex rel. Bernard v. Criminal District Court*

*Section "J."*,  653 So.2d 1174, 1175 (La. 1995).  Under Louisiana law, petitioner

could simply have filed his application without supporting documentation,

identifying with factual specificity the claims he believed would have entitled him

to post-conviction relief, without fear of summary dismissal. Upon filing such

application, petitioner would then have been entitled to a free copy of a transcript

under Louisiana state law simply by showing a "particularized need" for the

transcript, i.e. by showing that the transcript was necessary to resolve his claims

fairly. *Bernard*, 653 So.2d at 1175; *See also State ex rel. Edge v. Whitley*, 599

So.2d 1090 (La. 1992) (noting that a petitioner who timely files an application for

post conviction relief will, in the discretion of the trial court and when justice

requires it, have the opportunity to amend and supplement his application).

Further, while those proceedings were pending in the Louisiana state courts,

petitioner could have timely filed a protective federal *habeas corpus* petition and

asked that the federal proceedings be stayed while he pursued his state-court

remedies.  *Cook*, 2015 WL 6702290 at *3 *citing Pace v. DiGuglielmo*, 544 U.S.

408, 416–17 (2005); *Madden v. Thaler*, 521 Fed. App'x 316, 321 (5th Cir. 2013).

As a result, the state-court delays in providing the transcript in no way "prevented"

petitioner from seeking relief.

Finally, although the Fifth Circuit has not directly addressed this issue, courts confronted with this issue have unanimously concluded that the fact that a prisoner does not have in his possession a transcript does not prevent him from filing a *habeas* petition; thus, problems associated with obtaining transcripts and trial records for preparing a petition for a writ of *habeas corpus* do not amount to an impediment for purposes of § 2244(d)(1)(B).[6]   As the Supreme Court aptly observed in *United States v. MacCollom*:

> The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack.

---

[6]*Chester v. Epps*, 2010 WL 3937945, *2 (S.D. Miss. 2010) *citing Lloyd v. Van Natta*, 296 F.3d 630, 633–34 (7th Cir. 2002)*,  Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir. 2003) and  *Crawford v. Costello*, 27 Fed. Appx. 57, 59 (2nd Cir.2001); *Wooley v. Cain*, 2009 WL 1269981, *2 (E.D. La. 2009) *citing Lloyd*, *Randolph* and *Crawford, supra.* and *Donovan v. Maine*, 276 F.3d 87, 93 (1st  Cir. 2002), *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001), *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) and *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D. La. 2000), *aff'd* 239 F.3d 365 (5th Cir. 2000); *Miller v. Director*, TDCJ-CID, 2006 WL 1678073, *1 (E.D. Tex. 2006) *citing  Lloyd; Randolph*; *Miller* and *Crawford, supra.*; *Free v. Wilkinson,* 2008 WL 2169523, *5 (W.D. La. 2008) *citing Lloyd, Randolph, Miller* and *Crawford, supra*., *Allen w. Hancock*, 2012 WL 728546, fn. 1 (S.D. Miss. 2012) *citing Plummer v. Miss. Dept. of Corrections*, 2011 WL 6965656, *4 (S.D. Miss. 2011) *citing Cole v. Director, TDCJ–CID*, 2009 WL 1468470,  *2 (E.D. Tex. 2009), *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied,* 551 U.S. 1149 (2007)*, Lloyd, Randolph, Miller* and *Crawford, supra*. *See also Cook*, 2015 WL 6702290, *3; *Whitbeck v. Dretke*, 2004 WL 143443, *2-3 (N.D. Tex. 2004); *Brooks v. Goodwin*, 2009 WL 3157037, *3 (W.D. La. 2009); *Labit v. Goodwin,* 2015 WL 6554523, *4 (W.D. La. 2015); *Green v. Warden Allen Correctional Center*, 2007 WL 4302564, *3 (W.D. La. 2007); *Crain v. Director, TDCJ-CID*, 2012 WL 651730, *3 (E.D. Tex. 2012) *citing Lloyd, Randolph, Miller, Crawford* and *Cole, supra*.

426 U.S. 317, 327–28 (1976) (plurality opinion) *quoting United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964).

In this case, petitioner has not explained how his lack of access to the *voir dire* transcripts prevented him from filing a federal *habeas* petition. Further, for the reasons set forth above, the record belies any such argument. In sum, while transcript of the *voir dire* may have aided petitioner in establishing the merits of his claims directed at events which occurred during *voir dire*, there is no indication that petitioner's lack of access to the transcript prevented him from filing a *habeas* petition.

For the foregoing reasons, petitioner is not entitled to the benefit of having the one-year limitation period calculated under § 2244(d)(1)(B).[7]

## 2. Equitable Tolling

Petitioner is also not entitled to equitable tolling.  The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

---

[7]To the extent that petitioner suggests that his claims are not subject to procedural default as a result of the state courts' finding that his September 17, 2013 post-conviction application had been untimely filed pursuant to L.C.Cr.P. art. 930.8, while not necessary to this ruling as the Court's ruling does not rely on procedural default, the Court notes that the argument is unavailing. The Fifth Circuit has held that the state's delay in furnishing a prisoner with a transcript does not constitute "cause" for a procedural default, in instances like the present case, where the prisoner was aware of the factual basis for the alleged violations before he received the transcript. *Glover v. Cain*, 128 F.3d 900, 903-904 (5th Cir. 1997).

Cir. 1998).  The Supreme Court, when assuming without deciding that equitable

tolling is available, articulated that to be entitled to equitable tolling, the petitioner

must show "that he has been pursuing his rights diligently" and "that some

extraordinary circumstance stood in his way and prevented timely filing."

*Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace*, 544 U.S. at 418.  "A

petitioner's failure to satisfy the statute of limitations must result from external

factors beyond his control; delays of the petitioner's own making do not qualify."

*In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  Moreover, courts have held that

equitable tolling does not apply in instances, like the present case, where a

petitioner has not shown that the lack of possession of a transcript prevented him

from timely filing his federal application.  *Chester,*2010 WL 3937945, at fn. 3

*citing Hatcher v. Quarterman*, 305 Fed. Appx. 195, 196 (5th Cir. 2008); *Ford v.

Stephens*, 2013 WL 7098592, *3 (N.D. Tex. 2013) *citing Flanagan v. Johnson*,

154 F.3d 196, 199 (5th Cir. 1998)[8], *Hatch*, 305 F. App'x at 195[9], *Kiser v. Dretke*,

2004 WL 2331592, at *2 (N.D. Tex. 2004), *rec. adopted*, 2004 WL 2549174 (N.D.

---

[8](holding that 28 U.S.C. § 2244(d) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.")

[9](affirming district court's denial of equitable tolling where petitioner claimed that his trial lawyer refused access to counsel's file)

Tex. 2004)[10]; *Jihad v. Hvass*, 267 F.3d 803, 806-807 (8th Cir. 2001); *Gassler*, 255 F.3d at 495; *Brown*, 112 F.Supp.2d at 587.

The record does not support equitable tolling of the statute of limitations in this case.  The circumstances faced by petitioner were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling.  Moreover, petitioner has not shown that he pursued his rights diligently.  Petitioner waited over one year after his conviction became final on March 9, 2005 before filing his first post-conviction application on April 27, 2006.  Further, petitioner waited an additional two and one half years after the August 20, 2009 denial of that application by the Louisiana Supreme Court before filing a motion to vacate in the district court on January 24, 2012, and waited an additional year and a half thereafter before filing his September 17, 2013 post-conviction application.  Finally, and most importantly, after petitioner's initial request for the *voir dire* transcript was entertained at the December 21, 2004 multiple offender hearing, petitioner waited approximately seven years before attempting on October 14, 2011 to obtain the transcript by motion, and his various other motions, letters and public records requests were submitted even later after that date.  Accordingly, petitioner is  not

---

[10]("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling")

eligible for equitable tolling.

For these reasons,

**IT IS RECOMMENDED** that this petition for *habeas corpus* relief be

**DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims

are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b),

parties aggrieved by this recommendation have fourteen (14) days from service of

this report and recommendation to file specific, written objections with the Clerk

of Court.  A party may respond to another party's objections within fourteen (14)

days after being served with a copy of any objections or response to the District

Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or**

**the proposed legal conclusions reflected in this Report and Recommendation**

**within fourteen (14) days following the date of its service, or within the time**

**frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from**

**attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error.  *See, Douglass v. United***

***Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana on January 21, 2016.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: __1/21/2016__
BY: _____EFA_____
TO: _____RFD_____
              cg

24